# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Paulette E. Rakestraw, on behalf of herself and all persons similarly situated, ) ) ) ) | |
| Plaintiff, ) | CIVIL ACTION FILE |
| v. ) | |
| ) | NO. _____ |
| Nationstar Mortgage, LLC., ) | |
| Defendant. ) | |

## <u>CLASS ACTION COMPLAINT</u>

Plaintiff Paulette E. Rakestraw, by and through her attorney of record, files this Complaint on behalf of herself and all persons similarly situated within the United States and hereby alleges as follows:

## <u>PARTIES</u>

1.

Plaintiff Paulette E. Rakestraw ("Ms. Rakestraw") is a resident of the State of Georgia.  She currently resides at 116 Trailside Circle, Hiram, GA 30141.

2.

Defendant Nationstar Mortgage, LLC. ("Nationstar") is a Texas corporation

authorized to do business in the State of Georgia and is currently in good standing. Nationstar may be served through its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

## JURISDICTION AND VENUE

### 3.

Jurisdiction and venue are proper over the parties as pled in this Complaint. This Court has federal question jurisdiction over Plaintiffs' RESPA claim. Venue is proper in this district as Ms. Rakestraw resides in this district, the violation occurred here and Nationstar does business here.

## FACTUAL ALLEGATIONS

### 4.

Ms. Rakestraw is the maker of a promissory note and the grantor of a security deed dated April 1, 2004, for a loan on her home at 391 Quail Ridge Rd., Hiram, Georgia 30141. The lender for this loan was American Mortgage Network, Inc. ("AMN"). This loan is a federally related mortgage loan.

### 5.

Defendant Nationstar is a servicer of federally related mortgage loans and has represented itself to Ms. Rakestraw as the servicer of this loan.

6.

Ms. Rakestraw has paid this loan in full and the Cancellation of Deed to Secure Debt is dated June 11, 2018.

7.

Ms. Rakestraw sent Qualified Written Requests (QWR) to Nationstar on or about November 28, 2017, January 1, 2018, and May 4, 2018, which asked for a: "1) Complete payment history that includes an explanation and breakdown of all charges and credits applied during the life of the loan, dating back to 2003 [sic], the origination of the loan."

Nationstar failed to provide this information most notably by not providing account information for most of the years before it became the servicer. Nationstar also failed to provide explanations for some of the charges or credits it did list; instead characterizing some items only as: "CORP ADVANCE ADJUST," "NON CASH FEE ADJ," "CORP ADV DISP," DecCorp Adv Deferred I," "PMT-MISC SUSP," and "MISC ADJ."

8.

Ms. Rakestraw sent Qualified Written Requests to Nationstar on or about March 26, 2018 and April 16, 2018 which asked: "1. Please provide an explanation and detailed breakdown of all BofA Mics [sic] payments. 2. Please provide an

explanation and detailed breakdown of all escrow payments on each amount since the beginning of my loan (2004)." This information also was not provided.

9.

Ms. Rakestraw sent a Qualified Written Request to Nationstar on or about May 27, 2018, which asked for: "1. An explanation and detailed breakdown of all Countrywide, BofA, Nationstar and Mr. Cooper charges and credits on my account history. Specifically a breakdown of all escrow charges, miscellaneous postings and corporate advancements. 2. A legible and comprehensible breakdown of the account history or a code sheet to be able to interpret the account history. Nationstar also failed to provide this information.

10.

Nationstar's incomplete and incomprehensible responses are potentially damaging to Ms. Rakestraw because she has paid for charges that it refused to explain to her, and which she may not owe.

11.

Nationstar's failure to provide the account information from the years Bank of America serviced the loan is particularly troubling because Nationstar has admitted it does not know if the account totals it received from Bank of America are accurate. Nationstar informed Ms. Rakestraw in a response dated May 10, 2018:

"Unfortunately we could not provide one for Bank of America, as it is not legible and you will need to reach out to them directly." Nationstar then obtained a legible copy from Bank of America, which it provided with its May 31, 2018 response, but warned Ms. Rakestraw to "Please keep in mind that we are unable to account for the prior servicer's record keeping and we are unable to provide a code sheet to assist in reconciling the accounting for the prior servicer's pay history."

12.

Ms. Rakestraw has suffered actual damages that include the costs of sending the follow-up requests for the information that Nationstar failed to provide.

13.

Ms. Rakestraw may have suffered actual damages from paying for charges she did not owe because Nationstar failed to provide explanations for many of the charges to her account.

## CLASS ACTION ALLEGATIONS

14.

Class Plaintiff brings this action both individually and on behalf of all persons whose qualified written requests for information about their mortgage loan account payments and charges were not completely or comprehensibly responded to by Nationstar since June 30, 2015 (the "Class").

15.

The Class of persons described above is so numerous that joinder of all members is impracticable.  Important questions of law and fact exist which are common to the entire Class and predominate over any questions that may affect individual Class Members in that Defendant has acted on grounds generally applicable to the entire Class.

16.

 All questions as to the actions attributable to Defendant herein are similarly common.  A determination of liability for such conduct will also be applicable to all members of the Class.

17.

The claims of the Class representative, Plaintiff Ms. Rakestraw, are typical of the claims of the Class in that all Plaintiffs are suing for damages under 12 U.S.C. § 2605(e) and (f).  The Class violations are all violations of the same federal law and Nationstar has the same illegal practice nationwide, so common questions of law and fact will predominate over questions affecting only individual members.  A determination of a violation will be applicable to all members of the Class.  Class certification will also eliminate the need for duplicative litigation.

18.

Plaintiff will fairly and adequately represent and protect the interests of the entire Class.   Plaintiff has retained counsel competent and experienced in the prosecution of class action litigation.  Plaintiff has no interests that are contrary to or in conflict with those of the Class he seeks to represent.

19.

 Class actions are specifically provided for by 12 U.S.C. § 2605, and this action is superior to all other available methods for fair and efficient adjudication of this controversy.  There is no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

20.

The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications concerning the subject of this action, which adjudications could establish incompatible standards for Defendant under the laws alleged herein.  A class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

21.

Plaintiff intends to send notice to all members of the Class as required by Fed. R. Civ. P. 23.  The names and addresses of the Class are available from Defendant's

records.

## REQUEST FOR CLASS RELIEF
## VIOLATIONS OF 12 U.S.C. § 2605

### 22.

Plaintiffs incorporated by reference the allegations from paragraphs 1-21 as if set forth verbatim herein.

### 23.

The Real Estate Settlement Practices Act ("RESPA"), codified at 12 U.S.C. § 2605, governs the duty of loan servicers to respond to borrower inquiries it categorizes as Qualified Written Requests (QWRs).

### 24.

Servicers are required to provide information related to the servicing of the loans in response to QWRs. Defendant has failed to comply with this requirement because it has refused to provide the complete and comprehensible account history and the explanations of charges and credits requested by Ms. Rakestraw and the other class members, as required in 12 U.S.C. § 2605(e).

## PRAYER FOR RELIEF

### 25.

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays:

1. For an award of actual and statutory damages,

2. For an award of all reasonable attorney's fees and costs incurred by Plaintiffs, and

3. For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

26.

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the Class demand a trial by jury.

Submitted this 29th day of June, 2018 .

<div style="margin-left:40%">

BY:   Wayne Charles, P.C.

s/Wayne Charles
Wayne Charles
  Georgia State Bar No. 515244

WAYNE CHARLES, PC
395 Highgrove Dr.
Fayetteville, GA 30215
(770) 241-8936
(770) 460-0412 (fax)

Attorney for named Plaintiff and the Class

</div>

9

### <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1</u>

I hereby certify that I prepared the foregoing in Times New Roman, 14-point font, as approved by Local Rule 5.1.

<div align="right">

<u>s/Wayne Charles       </u>
Wayne Charles

</div>